# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

TWYLA TANNER,              )
                                )
           Petitioner,       )
                                )
v.                          )     **Case No. CIV 06-232-RAW-KEW**
                                )
**MIKE MULLIN, Warden,**      )
                                )
           Respondent.     )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Eddie Warrior Correctional Center in Taft, Oklahoma, attacks her conviction in McIntosh County District Court Case Number CF-2000-131 for Embezzlement by Bailee, After Former Conviction of Two or More Felonies. She sets forth the following grounds for relief:

I.     Trial court erred when [it] denied motion for new trial.

II.    Trial court erred when it did not allow a defense witness to testify, citing a discovery violation.

III.   Evidence was insufficient to convict Ms. Tanner of embezzlement.

IV.   Ms. Tanner's sentence is excessive.

V.    The cumulative effect of all the errors addressed above deprived Ms. Tanner of a fair trial.

The respondent concedes that petitioner has exhausted her state court remedies for the purpose of federal habeas corpus review with respect to these five grounds for relief. The following records have been submitted to the court for consideration in this matter:

A.    Petitioner's brief in her direct appeal.

B.      The State's brief in petitioner's direct appeal.

C.      Summary Opinion affirming petitioner's conviction and modifying her sentence from 45 years' imprisonment to 20 years. *Tanner v. State*, No. F-2004-410 (Okla. Crim. App. Jan. 4, 2006).

D.      Order Affirming Denial of Post-Conviction Relief. *Tanner v. State*, No. PC-2006-45 (Okla. Crim. App. June 2, 2006).

E.      Petitioner's post-conviction brief.

F.      Excerpt of transcript of petitioner's jury trial.

G.      State court record.

H.      Transcripts of petitioner preliminary hearing, jury trial, sentencing, and motion hearing.

## Facts

The State presented the facts of the case in its appellate brief:

On May 31, 2000, Mr. Luel Mangum, a used car dealer, received a telephone call from another car dealer asking Mr. Mangum to come pick up the defendant and transport her to Mr. Mangum's dealership. (Tr. 70, 73, 97). The other dealer told Mr. Mangum that the defendant had a pre-approved loan but that his cars were too expensive for her. (Tr. 73). Mr. Mangum sent his secretary, Alice Fry, to pick up the defendant and a man whom the defendant said was her husband. (Tr. 73, 105). The defendant told Mr. Mangum that she had credit approved at State National Bank, but that she needed to take the car that she chose to purchase to the bank to be checked out by Mr. Randy Peterson. (Tr. 73-74, 100). Mr. Mangum's dealership is approximately five miles west of Eufala. (Tr. 72). State National Bank is in Eufala. (Tr. 102).

Mr. Mangum gave the defendant permission to take a car to the bank and did not give her permission to take the car anywhere else. (Tr. 74-75). The defendant selected a 1996 Geo Tracker that was worth approximately $7,000. (Tr. 75-76). An employee of Mr. Mangum Gary DeJacimo, put $5.00 worth of gas in the car. (Tr. 116). The defendant told Mr. DeJacimo that she was going to see Randy Peterson at State National Bank about a loan, and would then return to the dealership. (Tr. 116). Mr. DeJacimo and Ms. Fry saw

the defendant drive the vehicle out of the dealership. (Tr. 107, 119).

When the defendant did not return with the car after approximately one hour, Mr. Mangum became concerned. (Tr. 92). Either Mr. Mangum or Ms. Fry then called the bank. (Tr. 76, 121). Mr. Peterson said that the defendant had not been at the bank. (Tr. 77). Mr. Mangum or Ms. Fry then called the police. (Tr. 90, 113). The car was recovered two days later on the highway just outside of Crowder. (Tr. 78-79). Crowder is between McAlister and Eufala, approximately twenty miles south of Eufala. (Tr. 78, 99). The car was pointed in the direction of Eufala. (Tr. 94). The car was out of gas, had a dead battery, the canvas top had been removed and placed in the back of the car, and the key was inside. (Tr. 79).

A 1996 Geo Tracker gets approximately thirty to thirty-five miles per gallon of gas. (Tr. 80, 119). In 2000, the price of gasoline was approximately $1.00 per gallon. (Tr. 80, 119). Therefore, the defendant drove the car at least 150 miles before the car ran out of gas. (Tr. 81, 119). When Ms. Fry and Mr. DeJacimo went to the jail to identify the defendant, the defendant looked in their direction and said, "Yeah, it's me, you son of a bitches." (Tr. 109-10).

(Docket #15, Exhibit 2 at 1-3) (footnote omitted)).

**Ground I:  Motion for New Trial**

Petitioner alleges she was denied her right to a fair and impartial trial, because extraneous information presented to the jury influenced the outcome. After the verdict and sentence were rendered, Ms. Jackie Burks, one of the jurors, told a deputy that petitioner had worn Ms. Burks' shirt during the proceedings (Motion Tr. 4, 6). Petitioner's husband had handed petitioner the shirt, and defense counsel did not realize it did not belong to petitioner (Motion Tr. 6). The deputy advised the court of Ms. Burks' statement and retrieved the blue cotton shirt from petitioner (Motion Tr. 5). Ms. Burks subsequently informed the prosecutor that during deliberations, she told the other jurors that petitioner had worn her shirt throughout the trial (Motion Tr. 6). The jurors laughed about it, but the jury's decision about petitioner's guilt or innocence was not affected (Motion Tr. 6).

3

Petitioner was convicted on April 19, 2004, and formally sentenced to 45 years' incarceration on April 20, 2004.[1] Petitioner filed a motion for a new trial, based on the incident with the blue shirt, on May 19, 2004, arguing that extraneous information about the shirt was introduced to the jury, and the extraneous information could have affected deliberations (O.R. 185-87; Motion Tr. 7-9). The State maintained the shirt was not extraneous information, because the jurors had viewed it during the trial, and jurors are allowed to observe the actions and words of a defendant during trial proceedings (Motion Tr. 8-9). The State further asserted there was no evidence of juror misconduct (Motion Tr. 8).

A motion hearing was held on June 17, 2004. The trial court found that it lacked jurisdiction on the motion for a new trial, because the motion was filed after the appeal was filed on April 22, 2004 (Motion Tr. 9-10; O.R. 169). In the alternative, the trial court held the evidence presented at trial was overwhelming and uncontroverted as to petitioner's guilt (Motion Tr. 10). Furthermore, any error was a direct result of petitioner's own behavior, so she should bear the brunt of her actions (Motion Tr. 10). On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) found the trial court did not abuse its discretion in denying the motion for a new trial, and the trial court correctly found the motion was not timely, pursuant to Okla. Stat. tit. 22, § 923. *Tanner v. State*, No. F-2004-410, slip op. at 2.

The respondent asserts this claim is procedurally barred from federal habeas corpus review, because petitioner failed to timely file the motion for new trial.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate

---

[1]Petitioner's sentence was modified on direct appeal to 20 years' imprisonment. *Tanner v. State*, No. F-2004-410 (Okla. Crim. App. Jan. 4, 2006).

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722 at 750 (1991).

According to Okla. Stat. tit. 22, § 953, a motion for a new trial must be made before judgment is entered, or within 30 days after entry of judgment, if good cause is shown. If the motion is not timely filed, or if there is not good cause for the delay, the trial court lacks jurisdiction to consider it. *Dean v. State*, 778 P.2d 476, 478 (Okla. Crim. App. 1989). This procedural rule is based on state law and is, therefore, independent.

A state-court procedural default is adequate if it is applied even-handedly in the vast majority of cases. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). The fact that the trial court decided to hear a procedurally defaulted claim as an "occasional act of grace" is insufficient to establish that the procedural bar is inadequate. *Cannon v. Gibson*, 259 F.3d 1253, 1268 (10th Cir. 2001). The respondent has presented eleven published cases in which the OCCA applied section 953, or its predecessor, to refuse to consider motions for new trials. *See Anderson v. State*, 992 P.2d 409, 425 (Okla. Crim. App. 1999), *cert. denied*, 531 U.S. 850 (2000); *Ullery v. State*, 988 P.2d 332, 347 (Okla. Crim. App. 1999); *Ochoa v. State*, 963 P.2d 583, 590 n.5 (Okla. Crim. App. 1998), *cert. denied*, 526 U.S. 1023 (1999); *Dean v. State*, 778 P.2d 476, 478 (Okla. Crim. App. 1989); *Owens v. State*, 706 P.2d 912, 913 (Okla. Crim. App. 1985); *Leigh v. State*, 698 P.2d 936, 939 (Okla. Crim. App. 1985); *Clonts v. State*, 644P.2d 1377 (Okla. Crim. App. 1982); *DeWolf v. State*, 255 P.2d 949, 951 (Okla. Crim. App. 1953); *Linde v. State*, 177 P.2d 527, 528-29 (Okla. Crim. App. 1947); *Young v. State*, 263 P. 167 (Okla. Crim. App. 1927); *Parker v. State*, 139 P. 708, 708-09 (Okla. Crim. App. 1914). In another case submitted by the respondent, the OCCA presumed the trial court

found good cause for the filing of a motion for new trial after judgment was entered, because the trial court addressed the merits of the motion. *Tooisgah v. State*, 255 P.2d 281, 282 (Okla. Crim. App. 1953).

After careful review, this court finds the state procedural rule is adequate, because it is applied evenhandedly over the vast majority of cases. The court further finds petitioner has not shown that some objective factor external to her, and not fairly attributable to her, impeded her efforts to comply with § 953. *See Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003), *cert. denied*, 541 U.S. 909 (2004). Therefore, she has not shown cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997) (internal quotations omitted). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454

(1986).  Ground I of this habeas petition is procedurally barred.

## **Ground II:  Defense Witness Testimony**

Petitioner alleges in Ground II that the trial court erred when it did not allow a defense witness to testify, based on a state discovery code violation.  The OCCA summarized this claim as follows:

> [T]he trial court did not abuse its discretion in utilizing the preclusion sanction for [petitioner's] discovery code violation.  *Short v. State*, 980 P.2d 1081, 1093 (Okla. Crim. App. 1999); *State v. Lefebvre*, 875 P.2d 431, 432 (Okla. Crim. App. 1994).  The trial court ordered discovery to be completed by August 21, 2003, before the first trial date.  [Petitioner] failed to appear for that trial date.  Finally, five days before the present trial, on April 14, 2004, [petitioner] filed an amended discovery response.  The discovery violation here was flagrant and brought about by [petitioner's] failure to cooperate with her attorney and her failure to appear on scheduled hearing dates.

*Tanner*, No. F-2004-410, slip op. at 2.

The respondent alleges petitioner's claim in Ground II is not proper for federal habeas corpus review, because it concerns an issue of state law.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)).  Petitioner has presented no argument that the trial court's imposition of a discovery sanction deprived her of a right conferred by federal law.

Furthermore, to the extent petitioner is raising a claim concerning the denial of a constitutional right, she has not exhausted the claim in the state courts, and it would be procedurally barred. Ordinarily, petitions containing both exhausted and unexhausted claims must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  "If, however, it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the

needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review."

*Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (citations omitted). Ground II of this petition fails.

**Ground III: Sufficiency of the Evidence**

Petitioner alleges in Ground III that the evidence was insufficient to convict her of Embezzlement by Bailee. On direct appeal the OCCA found "the evidence was sufficient for any rational trier of fact to have found [petitioner] guilty of embezzlement by bailee." *Tanner*, No. F-2004-410, slip op. at 2-3 (citing Okla. Stat. tit. 21, § 1451; *Easlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004)). The respondent asserts that under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court has repeatedly emphasized the deference the reviewing court

8

owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The elements of Embezzlement by Bailee are: (1) fraudulently, (2) appropriating, (3) personal property, (4) valued at more than $500, (5) of another, (6) entrusted to the defendant, (7) as a bailee. (O.R. 128; Instruction No. 5-25, Okla. Uniform Jury Instructions--Criminal 2d) (current version at OUJI-CR 2d 5-20)). The only element that petitioner claims was not proven beyond a reasonable doubt is the first element, that her conduct was fraudulent.

A person fraudulently appropriates property when she converts it to a use not authorized by the owner, with intent to wrongfully deprive the owner of the property (O.R.

129; OUJI-CR 2d 5-30). "[W]hen one converts property to his own use without permission of the owner, the law infers fraudulent intent and punishes the act of embezzlement." *Stratton v. State*, 643 P.2d 645, 646 (Okla. Crim. App. 1982) (citing *Hughes v. Oklahoma State Election Board*, 413 P.2d 543 (Okla. 1966)).

As set forth in Ground I, the evidence against petitioner was overwhelming. She was entrusted with the car, because she told Mr. Mangum she needed to take the car to Mr. Peterson at State National Bank, where her credit had been approved (Tr. 73-74). State National Bank in Eufaula was approximately five miles from Mr. Mangum's dealership (Tr. 72, 102). The car was found near Crowder, Oklahoma, about 20 miles south of Eufala (Tr. 78-79, 99). Based on the amount of gas that had been put in the car, petitioner had driven approximately 150 miles (Tr. 81, 119).

Someone from the dealership called Mr. Peterson and learned that petitioner had not been to the bank (Tr. 77, 121). Regardless of whether petitioner drove to the bank, however, she did not have Mr. Mangum's permission to take the car to Crowder, or anywhere other than the State National Bank in Eufala (Tr. 75). Petitioner never contacted Mr. Mangum to tell him where to find the car (Tr. 79-80). After careful review the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*, and the OCCA's determination of this issue was consistent with federal law, pursuant to 28 U.S.C. § 2254(d).

## Ground IV:  Excessive Sentence

Petitioner was sentenced by the trial court to 45 years' imprisonment, which was within the range of punishment of four years to life. *Tanner*, No. F-2004-410, slip op. at 1, 3). The OCCA, however, found the 45-year sentence shocked the conscience of the court

and modified her sentence to 20 years' imprisonment. *Id*. at 3. She argues again in her brief in support of her habeas corpus petition that the 45-year sentence was excessive. The respondent alleges this claim is moot, because her sentence was modified on direct appeal.

The issue of mootness arises from the basic rule that in federal cases an actual controversy must exist at all stages of review. *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003). Because petitioner's 45-year sentence was reduced on direct appeal, the court finds this habeas corpus claim is moot.

In the event petitioner is attempting to challenge the modification of her sentence to 20 years, this claim is not a proper issue for federal habeas corpus, because sentencing is a matter of state law. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990).

> The Eighth Amendment's prohibition against imposition of cruel and unusual punishment requires that the sentence cannot be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Again, the guiding rule is that the fixing of penalties for crimes is a legislative function, and the determination of what constitutes adequate punishment is left to the trial court's discretion; and if the sentence is within statutory limits, the appellate court will not regard it as cruel and unusual or excessive.

*United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). *See also Gaines v. Hess*, 662 F.2d 1364, 1370 (10th Cir. 1981). Because petitioner's modified sentence was not outside the statutory limits, habeas relief is not warranted on the merits of this claim.

**Ground V:  Cumulative Error**

Petitioner alleges the accumulation of error deprived her of a fair trial. The OCCA

found that any error was cured by the modification of her sentence. *Tanner*, No. F-2004-410, slip op. at 3.

"'Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors.'" *Castro v. Ward*, 138 F.3d 810, 832-33 (10th Cir.) (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 525 U.S. 971 (1998)). Here, the court finds the determination of this claim by the OCCA was consistent with federal law, as set forth in 28 U.S.C. 2254(d). Ground V is meritless.

**Repealed Statute**

After the respondent filed his response to the petition, petitioner filed a "Motion to Enter New Evidence" [Docket #18], alleging her conviction should be reversed, because the statute under which she was convicted has been repealed. Although petitioner has not requested leave to amend her petition, the court liberally construes the pleading as adding another ground for habeas corpus relief. *See Haines v. Kerner*, 404 U.S. 519 (1972). The record shows petitioner committed her crime on or about May 2000, and she was released on bond for more than four years. She was convicted and sentenced for violating Okla. Stat. tit. 21, § 1455, in April 2004. Okla. Stat. tit. 21, § 1455, was repealed, effective November 1, 2002, and the Embezzlement statute was replaced with Okla. Stat. tit 21, § 1451.

In its Order Affirming Denial of Post-Conviction Relief, the OCCA found this issue was waived, because it was not raised in petitioner's direct appeal. *Tanner v. State*, No. PC-2006-451 (Okla. Crim. App. June 2, 2006). This court, therefore, finds the claim is procedurally barred, and petitioner has not shown cause and prejudice for her failure to raise the issue on direct appeal or that a fundamental miscarriage of justice will result, if the claim is not considered. *Coleman*, 501 U.S. at 750.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this <u>13th</u> day of June 2008.

 

 

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**